Strong
*vs.*
Strong:

---

CALEB HALL and WILLIAM NELSON *vs.* STEPHEN W. DANA----*IN CHANCERY.*

*Rutland, January, 1827.*

[See *Ante. vol. 1, p. 252.*]

A demurrer to a bill in Chancery admits such facts as are regularly pleaded, and an order overruling a demurrer is of course made upon a supposition that the facts set forth in the bill are true.—Hence, on a bill of review, where part of the original bill was demurred to, and answer was made to the residue, and the demurrer was overruled, a recital in the decree final, that "it was ordered that the demurrer be overruled, *and that from the facts set forth in the bill being taken as true, the orator is entitled to relief.*" was held well enough, the addition being merely superfluous and immaterial.

Though, by statute, the Court of Chancery may issue execution on final decrees, in the same form and manner as courts of law, yet other process may be employed conformably to the proceedings in chancery in England.

If A procure a discharge from B, with a view to defeat therewith the equitable rights of C in a bill against A, C need not make B a party; and a court of equity will do justice to C, without regard to the situation of A, as it respects any consideration he may have paid to B. And if both parties to the discharge are conusant of the fraud, equity will, under no circumstances, aid either:

Where courts of law and equity have concurrent jurisdiction, that court to which application is made will grant relief, unless the right has been decided, or failed of a determination through the fault of the party.

The decision of a court of competent authority is conclusive upon *all courts* of concurrent jurisdiction.

THIS was a bill of review, brought to reverse the decree, made in the case *Dana vs. Hall* and *Nelson*, reported in *Aikens' Reports, vol. 1, p.* 252, which see.

The orator, after reciting the *substratum* and decree final in that case, and stating that execution in common form had been prayed out on that decree, set down the following, as causes for reversal.

1st. The decree purports to have been made at the term of this Court holden at *Rutland*, on the fourth Monday of February, 1826 ; when there was no such term of this Court holden at that time in the county of *Rutland*.

2d. Your orators say, and hope to maintain, that there is no matter or thing set forth in and by said bill as a foundation of equity for this Court to interfere in relation to said judgment at law, but what the orator in said bill might have had the benefit of, on the trial at law.

3d. The orators aver, and hope to maintain, that the subject matter of said bill, and all the matters therein contained, were adjudicated upon and determined by the said county court, at their term in December, 1820, in the judgment by them rendered in the action on book there pending in favour

Rutland,
January,
1827.

Hall et. al.
vs.
Dana.

of the said *Dana* against the said *Hall*, and that the said matters and things then determined by the said judgment, cannot be re-examined or inquired into by this Court while the said judgment remains unreversed.

4th. That there was error in the determination of the court made in February, 1824, in ordering and decreeing that the demurrer of the said *Hall* be overruled, and that from the facts set forth in said bill being taken as true, that the said *Dana*, the orator in that bill, was entitled to relief, as no other order or decree could have been made, except, that the demurrer be overruled; and the question, whether the orator in that bill was entitled to relief, should not have been determined until the proofs were heard.

5th. There was error in the decree as drawn up and signed, in decreeing that execution should issue against the said *Hall* and *Nelson* for the sums therein specified; as no such decree was pronounced by the court, or contained in their substratum.

6th. There was error in issuing the said execution, the same being against the goods and chattels of the said *Hall* and *Nelson*, and for want thereof, against their bodies; and the practice of the Court of Chancery does not warrant the issuing of an execution in that manner.

7th. The relief sought by the bill is different from the relief granted by the said decree.

8th. There is error in making any decree before the said *James Nelson*, mentioned in the said *Dana's* bill and the said *Hall's* answer, was made party to said bill.

Prayer, that the said decree be reviewed and reversed, and the said execution set aside.

Demurrer.

The case was argued by *Williams*, for the orators, and by *Bates* for the defendant.

SKINNER, Chancellor, pronounced the following opinion.

This bill is brought to reverse a decree made by this Court at January term, 1826, for error appearing in the body of the decree. Several causes are assigned for error, some of which have been abandoned, and of course will not be considered.

It is insisted, that the order or decree made on overruling the demurrer, February term, 1824, is irregular, for that no other order or decree could regularly be made, except, *that the demurrer be overruled:* whereas, the record shows, the court ordered and decreed that the demurrer be overruled, and *that from the facts set forth in the bill being taken as true, the orator is entitled to relief.* I have not examined the approved forms of making up the record on an order of this sort, nor can it be very material;—indeed, the additon is merely superfluous, and altogether immaterial. The demurrer admits such facts as are regularly pleaded, and in overruling a demurrer, the order was of course made upon the supposition, that the facts set forth in the bill are true.

*Rutland,*
*January,*
*1827.*

Hall et. al.
*vs:*
Dana.

The two exceptions, viz. that the issuing execution is not embraced in the decretal order, and that an execution against the goods, chattels, estate, and body, is not warranted by the practice of this Court, are both disposed of by a recurrence to the statute, which declares, that upon any final decree, a writ of execution may issue in the same form, and shall in all things have the same effect, as writs of execution on judgments at law.

Although the ordinary course is, to issue execution in this form, according to the statute, other process may be employed, in conformity to the proceeding in courts of chancery in England.

The exception, that *J. Nelson* is not made a party, is not well taken. He is in no way concerned in the demand of the plaintiff, nor can he be affected by the relief prayed. It is urged, that the *defendant* is interested in his being made a party--- that if a decree is to pass against him, the note executed to Nelson ought to be vacated, otherwise, he may be subjected to pay the debt twice.

If the transaction was fair and bona fide on the part of Nelson, he having parted with a sufficient consideration at the time of receiving the note, though the Court may protect the right of the plaintiff, and compel the defendant to pay to him the amount, they have no power to set aside the note in the hands of Nelson, but will leave the defendant to suffer the consequences of his fraud. If Nelson was particeps criminis, neither party can call upon a court of equity for relief or protection.

The more important ground upon which the orator relies, is, that Dana had a remedy at law, and that the matter upon which he, Dana, claims relief, has been adjudicated upon and determined in a court of law. It is a principle well settled, that where a court of equity once had jurisdiction, it will insist on retaining it, though the original ground of jurisdiction (that is, where the inability of the party to avail himself of the matter at law,) no longer exists. This is a case in which courts of equity have undisputed jurisdiction, and relief will be afforded by it, especially if applied to in the first instance. Admitting it to be a case in which courts of law and equity have concurrent jurisdiction, that court to which application shall be made, will grant the relief sought, unless the right has been decided, or unless the party has neglected to avail himself of the matter alleged, being matter of which he might have availed himself in the suit at law. There are cases in which a party, neglecting to offer that at law, which in effect would have constituted a defence, (as matter in offset, &c.) is not afterwards precluded from asserting the same right. Matter of fraud in obtaining a judgment, and matters arising subsequent, have no relation to the question before us. That the plaintiff in the original bill did not neglect to offer and rely in the suit at law upon the matter set forth in the bill, is certain. The facts there stated upon this point, (and which for the purpose of deciding the

*Rutland,*
*January,*
*1827.*

Hall, et. al.
*vs.*
Dana.

demurrer are taken as true,) are, that it was fully proved before the auditor, that the demand was assigned, of which the defendant had notice, and that he afterwards obtained the discharge upon which he relied in his defence; whereupon the auditor decided, that he was compelled by *law* to disallow the account. The same was again urged before the county court on the return, but the report was accepted, and judgment rendered thereon.

No case is shown, in which it has been held, that, where matter is *offered* in a court of law and *decided* upon, whether for or against the party, if the matter was cognizable before that court, relief would afterwards be afforded in chancery. In a case referred to by justice *Spencer*, in delivering his opinion in the case of *King* vs. *Baldwin*, 17 *Johns.* 388, he says, "*Lord Hardwick* decided, that where the plaintiff had been sued at law, and upon the trial, insisted to have a sum of money allowed him, and because it was not allowed, he filed his bill in equity, and his lordship entertained the bill, because it was matter of contract, and account, and because he considered the party justly entitled to it." From this short report of the case, nothing distinctly appears, by which we are enabled to learn upon what principle the chancellor rested his decision.---If, because it was matter of *account*, it was appropriately of equity jurisdiction ; but if it was upon the broad principle, *that the chancellor considered the party justly entitled,* (the decision of a court having jurisdiction of the matter notwithstanding) it stands opposed to one of the most salutary principles in the whole system of jurisprudence. A regard to the peace of society and security to the rights of the citizens, has led to the adoption of the rule, as well in courts of equity as law, that the determination of a court of competent jurisdiction is conclusive.---2 *Maddock,* 249---1 *Johns. Cases, Le Green* vs. *Gouverner & Kimball,*---17 *Johns. King* vs. *Baldwin.---Mitford,* 204. In the case of *Smith* vs. *McIver,* chief justice *Marshall* says,---"Were a court of equity, in a case of concurrent jurisdiction, to try a cause already tried at law, without the addition of any equitable circumstances to give jurisdiction, it would act as an appellate court, to affirm or reverse a judgment already rendered on the same circumstances by a competent tribunal." Of the doctrine, that the decision of a court of competent authority is conclusive upon all courts of concurrent jurisdiction, we have no doubt ; and it would seem to follow as a matter of course, from the opinion of the Court just delivered in the case of *Strong* vs. *Strong,* that the relief prayed for in that bill must be denied. We are, however, of opinion, that the plaintiff, [Dana] is entitled to relief, and in this the Court are unanimous.

As to the case of *Strong* vs. *Strong,* I have only to remark, that, although the decision is made without my concurrence, I have no disposition to oppose it, and shall hereafter most cheerfully acquiesce in administering the law, as far as I may be called to that service, conformably thereto. I more readily yield

Rutland,
January,
1827.

Hall et: al.
*vs.*
Dana.

to the introduction of a rule, that has been adopted in some of the states about us, from a consideration that it has been sanctioned by the Supreme Court of the United States, and has the approbation of many able jurists in this state. My reasons for dissenting, are, that this Court, for the last thirty years, and it is presumed ever since its organization, has uniformly, and in repeated instances, decided, that the equitable rights of an assignee of a chose in action could not at *law* be protected against the release of the party to the contract, and the party upon the record. When I formerly held a seat upon this bench, whatever my wishes may have been, I felt constrained not to depart, without legislative authority, from the course pointed out and imposed by such a weight of precedent.

Indeed, there is no doubt, at common law, as recognized in England at this day, that upon an issue formed between the parties upon the record, as in this case of *Strong* vs. *Strong*, the discharge of the party is conclusive. The case of *Leigh* vs. *Leigh*, in the common pleas, was decided upon a rule to show cause why the plea of release should not be set aside, and the release given up, as having been obtained in breach of good faith. If the defendant had plead payment in the first instance, it would have availed him. The decision itself, made in that case, is unsupported by precedent.

The case of *Beaurmon* vs. *Radanius*, 7 T. Rep. 663, decided about the same time in king's bench, (and in which the court were unanimous,) if the opinion of the most able judges, in a case fully considered, is evidence of the law, leaves no room to doubt. *Lord Kenyon*, in delivering his opinion, says—"If the question that has been made in this case, had arisen before Sir *M. Hale*, or Lords *Holt* or *Hardwick*, I believe it never would have occurred to them, sitting in a court of law, that they could have gone out of the record, and considered third persons as parties in the case." In the case of *Croib & Wife* vs. *D. Aith*, 7 T. Rep. 670, in which the same question was raised, the court said it was too clear to be argued. In a late case of *Alner* vs. *George*, 1 Campb. 392, upon the issue of non-assumpsit, to oppose the effect of a receipt given by the plaintiff, an offer was made to prove the previous assignment of the demand, and notice thereof. The counsel referred to the case of *Leigh* vs. *Leigh* as an authority to justify the proceeding, upon which Lord *Ellenborough*, in his opinion, says—"The case cited is completely misapplied. The plaintiff might have released the action, and it is impossible to admit evidence of his attempting to defraud others, and to recognize the transfer of choses in action, without confounding all legal distinctions."

It is sufficient, in this case, to say, that the *rule* at the *time* the decision was made by the auditor, as also by the county court, was different from what it *now* is.

ROYCE, Chancellor, said, it has long been settled, that where a party, after notice of an assignment, pays to the payee in

<div style="margin-left"><em>Rutland,</em><br><em>January,</em><br>1827.</div>

fraud of the interest of the assignee, he shall be made to pay over again.

Adverting to the remarks of *Skinner*, Chancellor, upon the decision in the case of *Strong* vs. *Strong*, he said, he considered the law to be now settled in England conformably to the principle adopted in that case.

<div style="text-align: right">Bill dismissed.</div>

*Hall et. al.*
*vs.*
*Dana.*

*C. K. Williams* and *S. S. Phelps*, for the orators.

*C. Langdon* and *R. B. Bates*, for the defendant.