Amos Dunning vs. Rufus Chamberlin et al.

Chittenden,<br>January,<br>1834.

An action on book will be sustained here, although the contract was made and services rendered in a government where that form of action is not known in law.

The saving of the statute of limitations within the meaning of the 10th section extends as well to foreigners as to our own citizens who may be absent for a time.

No presumption of payment will be made from lapse of time, where defendant absconds soon after the cause of action accrued, and resides in parts unknown to the plaintiff, until the commencement of the suit.

This was an action on book, commenced to the county court by writ dated August 27th, 1832, and declaring against defendants as partners under the firm of Curtis & Chamberlin. It was referred to auditors, who reported as follows:

The account exhibited by plaintiff, was, Messrs. Curtis & Chamberlin, to Amos Dunning    Dr.

1817.. To services as clerk and hand on board your
fishing vessel, in the Bay Chaliur, and
west of Gaspee, from May 8, to Dec. 1, at
$20 per month,    144,66
1818. To do. from May 11, to Dec. 22,    151,60
1819. To do. from May 11, to Nov. 20, 1820,    366,85

$663,11

It was proved by the testimony of the plaintiff, that the services charged were rendered on a contract with Rufus Chamberlin, who called himself one of the firm of Curtis & Chamberlin; and that all the parties at the time of the contract, and up to the commencement of this action, were residents of a foreign government; and that by the laws of that government, the action on book cannot be brought.

The plaintiff proved the partnership by his own oath,

CHITTENDEN,
January,
1834.

Dunning
vs.
Chamberlin et al

and he also proved by another witness that Chamberlin admitted the partnership.    There was no further evidence of the partnership.

It was also proved by the testimony of plaintiff, and to which plaintiff objected, that in November, 1820, he commenced a suit against Curtis & Chamberlin, and seized their vessel.—That a personal service of the process was made on Curtis, but no service on Chamberlin, because he had absconded.—That Curtis appeared by attorney and defended the suit, and that it was continued from time to time ; and that during the pending of the suit, an opposition was entered by Z. Thayer, who claimed said vessel, and recovered the same ; and in June, 1821, a judgment was rendered in the court of king's bench, in Montreal, in favor of the plaintiff against Curtis, upon which judgment nothing has been realized—they being and continuing bankrupts.

It was also proved by plaintiff, that on the termination of the services in 1820, the plaintiff came to Quebec, in company with Chamberlin, on board a fishing vessel.—That three or four days after arriving there, plaintiff accidentally heard an intimation that there was some trouble with the business of Curtis & Chamberlin, and that the vessel had been assigned to some one, but could get no satisfaction from Chamberlin on the subject.    Plaintiff then started for Montreal, where Chamberlin soon after arrived, and there learned they had failed.    Plaintiff had several interviews with Curtis in relation to the adjustment of this debt, at one of which Chamberlin was present ; immediately after which, Chamberlin left Montreal by absconding, and has since resided in parts unknown and unheard-of, and the plaintiff has not seen him until the commencement of this suit.

The defendant contended before the auditor,

1st, That the action on book cannot be sustained; because the contract was made, and services rendered in a government where that form of action is not known in law.

2d, That plaintiff is not a competent witness to prove the partnership of defendant.

3d, That the original demand is merged in the judgment in the court of king's bench, in June, 1821.

4th, That the claim is barred by the statute of limitations.

These several objections were overruled by the auditor, and submitted for the determination of the court.

The court accepted the report: whereupon, the defendant took his exceptions, which were allowed and certified.

CHITTENDEN,
January,
1834.

Dunning
vs.
Chamberlin et al

*Charles Adams for defendant.*—1. Plaintiff was not a competent witness to prove the partnership.

2. The demand was merged in the judgment in the previous suit.

3. Plaintiff is barred by the statute of limitations.

4. But if the court should be of opinion that plaintiff comes within the provisions of the statute, then we contend that we have a right to insist on lapse of time as evidence of payment.

*G. B. Sawyer for plaintiff.*—1. The defendant's first objection seems too frivolous to require examination. Suppose, instead of Canada, this debt had been contracted in Lapland, where there are no actions in common with ours.

2. The defendant's next objection has been overthrown by repeated decisions of this court.—2 Aik. Rep. 83, *Stevens et al.* vs. *Richards et al.*

In the suit in the court of king's bench, this process was not served on the defendant, and he had no notice of the suit; and if plaintiff's testimony relating to that judgment was properly required, the question is, what is the legal effect of a judgment so rendered?

An unsatisfied judgment against one of two joint makers of a promissory note, is no bar to a joint action against both.—Cro. Jac. 74.—6 Cranch, 253.—18 John. 482.

In conformity with this rule have been the uniform decisions in this state, and the circuit court of the United States; and although the contrary doctrine has been held in England and Massachusetts, we trust a rule will not be adopted here at this late day, which maintains a mere metaphysical and technical nicety at the expense of substantial justice—a rule which, in New-York and Pennsylvania,

17

CHITTENDEN,
January,
1834.

,Dunning
vs.
Chamberlin et al the legislature has very recently interfered, by declaratory acts, to alter.—(See Chitty's Plea. p. 50, note.)

But this objection of defendant derives its whole importance from the assumption that a foreign judgment is equally binding on the parties, and has the same effects and consequences as a domestic judgment. Such is not the case, except where plaintiff has brought a suit in a foreign court, and the decision *against* him : the foreign judgment is then conclusive.—2 Kent's Com. 102.

But a foreign judgment *in his favor* is only *prima facie* evidence of debt : *assumpsit* lies, and the merits are liable to be re-examined.—2 Kent's Com.—Chitty's Plea. p. 120. And a foreign judgment does not merge the original debt. 11 East. Rep. 118.—8 John. Rep. 173.

And a foreign judgment is not even *prima facie* evidence of debt, where defendant was not served with process : it is merely void.—1 Camp. Rep. 63, *Buchanan* vs. *Ricker.*

And if defendant has the right to treat it as void, plaintiff has the same right ; and by resorting to the original cause, the defendant is in a better situation to contest it.

But plaintiff contends that he was not a witness to this point. The judgment is matter of record, and that is the best evidence.

4th, The objection as to the statute of limitations, is obviated by the exception in sec. 10 Rev. Stat. p. 291.

The opinion of the Court was pronounced by

MATTOCKS, J.—There is nothing in the first objection. It is the *lex loci* that governs the contract, but the *lex fori* the remedy.

2. It is immaterial whether the plaintiff should have been allowed to testify to the partnership, as the case shows that it was proved by another witness, that Chamberlin, the defendant, admitted the partnership.

3. Whether an unsatisfied foreign judgment against Curtis, one of the firm, merges or bars the present claims, is not raised by the facts. The judgment was proved only by the plaintiff : he objecting to testify, his testimony was no better than that of any other witness ; and it was not competent to prove a judgment by parol. A foreign judg-

ment must be proved, usually, either by exemplification under the great seal, by a copy proved to be a true copy, or by the certificate of an officer authorized by law, which certificate itself must be properly authenticated.—1 Stark. Ev. 252–4.

CHITTENDEN,
January,
1834.

Dunning
vs.
Chamberlin et al

As to the statute of limitations, it has been decided in New-York, that the saving of the statute extends as well to foreigners, or those that reside altogether out of the state, as to their own citizens, who may be absent for a time.— 3 John. Rep. 263.—20 John. Rep. 33. And in the case of *Mazozen & Sperry* vs. *Foot*, 1 Aik. 282, the counsel and the court recognize this principle as the true construction of our statute, although the point in the case was, whether a casual coming within the state was a returning within the statute, as it does not appear that the defendant ever resided, or ever came into the state, until the time this action was commenced, the statute never began to run. The The defendant now inserts a new point in his defence, not made before the auditors. He now insists on lapse of time, as presumption of payment. If this objection was not now out of time, it is well answered by the proof that defendant absconded from Montreal in 1820—has ever since resided in parts unknown, and the plaintiff had not since seen him until the commencement of this suit.

The judgment of the county court is affirmed.

