Eliphalet Kimball *v.* Charles Ives, Administrator of Sophronia Dix.

The statute of limitations is not applicable to the account of a guardian against his ward, while the relation subsists; and, after its termination, lapse of time will not bar the guardian's claim, when the delay is sufficiently explained by the circumstances of the case.

The question, whether a claim shall be considered as barred by mere lapse of time, is one of fact, which must be determined by the jury, and, if not litigated before the jury, cannot be raised, as a question of law, before the court.

Where a guardian presented an account against the estate of his ward, more than twenty years after the ward became of age, and it appeared that all the property of the ward had, from the time of the appointment of the guardian, continued in the possession of the guardian, and that the ward was *non compos,* and had always, after she became of age, and until the time

of her decease, resided in the family of the guardian, who had married the ward's mother, and that no steps were taken to examine into the situation of the estate of the ward until after the decease of her mother, which was seven years after the decease of the ward, and then an administrator was appointed upon the estate of the ward by the probate court, and the guardian then presented his claim, it was held that the lapse of time was fully explained by the circumstances in the case, and that no presumption of payment, or settlement, of the claim could arise.

APPEAL from a decree of the probate court, disallowing the account of the plaintiff as guardian of the intestate. A commissioner was appointed by the county court, who reported the following facts.

In 1804, Samuel Dix, the father of the intestate, Sophronia Dix, died, leaving his widow, Chloe Dix, who was, on the 20th day of June, 1804, appointed guardian of the said Sophronia by the probate court, and continued such guardian until her intermarriage with the plaintiff, in 1807. The plaintiff, upon his marriage with the said Chloe, went into possession of the estate which had been set to the said Sophronia as her portion of her father's estate, and took the rents and profits thereof until October, 1839. On the 24th day of June, 1808, the plaintiff was, by the probate court, appointed guardian of the said Sophronia, who was then about nine years of age, and continued her guardian until she became of age, in 1817; but she continued to reside in his family until her decease, in 1832. The said Sophronia was *non compos mentis*, and was possessed of no property, besides the estate set to her from her father's estate, except some few sheep, which were given to her, and which, in the year 1825, the plaintiff received, giving his note to her therefor,—which note was credited to her, in his account. No measures were taken, or effort made, to look up, or settle, the estate of the said Sophronia, until after the decease of her mother, the said Chloe, who died in 1839, when the said Ives was appointed administrator upon her estate, and made, and returned into the proper office, an inventory thereof. The plaintiff presented his account, as guardian, to the probate court, for allowance, in January, 1840.

The county court rendered judgment, upon this report, in favor of the plaintiff for the amount of his account; to which decision the defendant excepted.

*S. Fullam* for defendant.

1. The defendant insists that the plaintiff is not authorized, as guardian, to involve his ward in debt. He cannot pledge the ward's credit to another,—much less to himself.

2. If any such claim existed, it was barred by the statute of limitations.

*C. Coolidge* for plaintiff.

1. There is no statute of limitations applicable to this case. *Evarts* v. *Nason's Estate*, 11 Vt. 122.

2. But the defendant insists that payment is to be presumed. To repel any such presumption, it is only necessary to resort to these facts. 1. No pretence of payment, *in fact*, is set up by the defendant. 2. The ward was *non compos mentis* from her birth to her death. 3. She lived with the plaintiff and her mother (plaintiff's wife) until her death, (in 1832,) her mother surviving her. 4. With the exception of the small sum due from the plaintiff to his ward for sheep, she died seized of all and the same estate which she derived from her father. Besides this, she had nothing to pay plaintiff with, had she been of competent understanding to transact business.

The opinion of the court was delivered by

REDFIELD, J. Two questions are made in the present case: 1. Whether the plaintiff's account is barred by the statute of limitations. 2. Whether a settlement of the account is to be presumed from lapse of time. It has been long settled, that the statute of limitations will not , in equity, bar an account subsisting between trustee and *cestui que trust*, so long as the trust subsists, and the relation is acknowledged on both sides,—which ought, perhaps, to be extended to the case of a guardian's account, as well after, as before, the guardianship ceases, until the account is settled and the property surrendered, or some adverse claim, inconsistent with the former relation, is set up. *Decouche* v. *Savetier*, 3 Johns. Ch. R. 190; *Goodrich* v. *Pendleton*, Ib. 384; *Coster* v. *Murray*, 5 Ib. 522. It is true, indeed, that, where the *law* fixes a limitation to any concurrent remedy, this will be applied in *equity;* so where the trust is denied, and the possession becomes adverse.

*Kane* v. *Bloodgood*, 7 Johns. Ch. R. 90, 127 ; *Roosevelt* v. *Mark*, 6 Ib. 266 ; *Murray* v. *Coster*, 20 Johns. 576.

In analogy to this principle of chancery law, it has always been held, in this state, that the statute of limitations will not bar the account of an executor, or administrator, or of a guardian, by parity of reasoning. *Evarts* v. *Nason's estate*, 11 Vt. 122 ; *Rix, Adm'r*, v. *Heirs of Smith*, 8 Ib. 365. In the former of these cases it was held, that mere lapse of time will not *bar* such a claim. The same reason, indeed, which should exempt such a claim from the operation of the statute of limitations, should equally exempt it from the presumptive bar, from lapse of time.

There is another reason, why this presumptive bar cannot be applied in the present case,—no such question was raised until the hearing in this court. This presumptive bar is always a matter of fact, to be determined by the triers of the fact, and should have been raised and determined by the commissioner. But from the commissioners, reporting the account, and referring the questions of law, arising upon the facts, to the court, we are to infer that the account is to be allowed, unless the facts reported by the commissioner constitute a peremptory bar. There are some very respectable authorities, which so treat the defence of mere lapse of time. *Sumner* v. *Child*, 2 Conn. 607 ; *Cope* v. *Humphreys*, 14 Serg. & R. 15 ; *Holcroft* v. *Heel*, 1 B. & P. 400. Some other cases seem to favor the same views ; but that has arisen, perhaps, mainly, from the fact, that, in the absence of all proof to the contrary, a lapse of twenty years is considered sufficient time, from which to presume a grant, or payment, or most other matters resting in presumption. And the jury, when recommended by the court so to do, will ordinarily make such presumptions, without hesitation. And there are, no doubt, many cases, where these presumptions have been made, quite contrary to what was supposed to be the fact. But that has happened, ordinarily, in regard to deeds and conveyances, in order to quiet a long and uninterrupted possession,—which in this state requires only fifteen years.

But the payment of a debt, or the settlement of an account, is never to be presumed, except in accordance with the rational probabilities of the case. It is, therefore, but just and reasonable it should be judged of by the triers of the fact. Such, too, will be

found to be the settled rule of the English law. 2 Wms. Saund. R. 175, *n.* 2. *Mayor of Hull* v. *Horner*, Cowp. 102. In this last case Lord Mansfield says, " I think it was properly left to the jury, whether they would presume such a grant." In *Campbell* v. *Wilson*, 3 East 294, Lord Ellenborough says; "It might be too much to say, in the case of *Holcroft* v. *Heel*, that the adverse user of the neighboring market for twenty years was a *bar* to the action by the grantee of the crown. In strictness it was not. But certainly the evidence in this case was sufficient to *warrant the jury in presuming a grant of the right of way.*" The rule is laid down in the late edition of Starkie's Evidence, vol. 2, 824, thus; "But a lapse of twenty years, before the statute, *was no legal bar,* but *merely afforded a presumption in fact for the jury.*" And this last proposition contains the result of all the English cases. The consideration, too, that a less time than twenty years, when circumstances concur to support the presumption, is permitted to go to the jury, from which to find the fact sought, and that even a much longer time than twenty years is permitted to be explained by evidence, shows very clearly that the presumption is one of fact, and not of law; *Gray* v. *Bond*, 2 B. & B. 667 ; Lord Ellenborough, in *Bealey* v. *Shaw*, 6 East 214. From this last case, as well as the nature of the subject, I should consider presumptions of payment and of settlement more undeniably matters of fact for the jury, than presumptive grants, which, in the absence of all evidence to the contrary, become absolute in the term of fifteen years in this state. In the present case, the lapse of time was fully explained by the facts and circumstances in the case, and no presumption of payment or settlement of the account could arise.

Judgment affirmed, and ordered to be certified to the probate court.