### FEBRUARY TERM, 1847.

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. MILO L. BENNETT,
Hon. HILAND HALL,    } Assistant Judges.
Hon. CHARLES DAVIS.

---

## RUFUS GRAVES AND JOHN E. STRONG *v.* HENRY WEEKS

The saving of the tenth section of the statute of limitations of 1797, which provides, that, when the debtor, at the time the cause of action accrued, was without this state, the suit may be commenced within six years after his return into this state, extends to a case where both parties are resident citizens of another state, and the debtor is within this state for a temporary purpose, merely, at the time the writ is served upon him.

And such action will be sustained in this state, although the cause of action may be barred, at the commencement of the suit, by the statute of limitations of the state of which both parties are resident citizens.

Presumption of payment of an account, arising from lapse of time, is matter of fact, of which advantage must be taken before the auditor.

BOOK ACCOUNT. The action was commenced July 19, 1844. Judgment to account was rendered, and an auditor was appointed, who reported substantially as follows.

The plaintiffs presented an account against the defendant, the last item of which accrued in 1832. The defendant pleaded the statute of limitations. The plaintiffs replied, that the defendant, at the time the plaintiff's cause of action accrued, resided, and has continued to reside, without this state, and has not had known property, or estate, within this state, which could, by the common and ordinary process of law, be attached. It was agreed, that the parties have all been resident citizens of the town of Granville, in the state of New York, from the commencement of the plaintiffs' account until the time of the hearing before the orator. The defendant presented an account in offset, in reference to which some questions were raised; but as they were not passed upon by the supreme court, they need not be noticed here. The auditor reported, that there was a balance due to the plaintiffs of $115,99. The defendant filed exceptions to the report.

The county court, April Term, 1845,—WILLIAMS, Ch. J., presiding,—overruled the exceptions and rendered judgment for the plaintiffs upon the report. Exceptions by defendant.

*E. F. Hodges* for defendant.

1. The statute of limitations of 1797 bars the claim. The defendant does not come within the excepting clause of the statute of 1832, which governs this case. The replication does not well aver him to be within it. *Plummer* v. *Woodburne*, 4 B. & C. 625. 1 Chit. Pl. 584. *Marsteller* v. *M'Clean*, 7 Cranch 156.

2. The statutes of limitation of New York are applicable here. Statutes of limitation affect the remedy only while their provisions and conditions are *inchoate;* but when the bar is perfected, they then apply to the contract; and wherever that goes, it must carry with it the disability. *Bulger* v. *Rocke,* 11 Pick. 36. The parties being resident in New York, and the contract being made and payable there, the courts of this state will decide the rights of the parties, as they exist in that state. Story's Confl. of Laws 30–37, 332, 484. *Greenwood* v. *Curtis,* 6 Mass. 358.

3. The presumptive bar, arising from lapse of time, attaches here,

Graves et al. *v.* Weeks.

*G. W. Harmon* for plaintiffs.

The plaintiffs' cause of action was not barred by the statute of limitations of this state; and, the remedy being sought in this state, the statute of New York cannot apply. Sl. St. 291, § 10. Rev. St. 309, § 29. This court has in several instances put a construction upon the statute, which is decisive of the present case; *Mazozon* v. *Foot,* 1 Aik. 282; *Dunning* v. *Chamberlain,* 6 Vt. 126; *Hill* v. *Bellows,* 15 Vt. 727. Similar decisions have been made in other states; *Ruggles* v. *Keeler,* 3 Johns. 264; *Dwight* v. *Clark,* 7 Mass. 515; *Sissons* v. *Bicknell,* 6 N. H. 557. The *lex fori,* and not the *lex loci,* governs this case; *Lincoln* v. *Battelle,* 6 Wend. 475; *Andrews* v. *Herriott,* 4 Cow. 508; 3 Johns. 264; *Nash* v. *Tupper,* 1 Caine 402; *Medbury* v. *Hopkins,* 3 Conn. 472; *Atwater* v. *Townsend,* 4 Conn. 47.

The opinion of the court was delivered by

HALL, J. The decision of the question raised by the auditor's report depends upon the construction of the statute of limitations of 1797, which was in force at the time the cause of action in this case accrued. That statute, after limiting the time of bringing an action of account to six years, provides, [Slade's St. 291, § 10,] that when the debtor, at the time the cause of action accrued, was without this state, the suit might be commenced within six years after the coming, or return, of the debtor into this state. This is not the precise language of the statute, but is a substantial and direct application of its language to this case.

If a construction were now first to be put upon this statute, it is not seen how there could be any doubt in regard to it. It has, however, been repeatedly held, that this provision of the statute applies as well to persons who were citizens of other states, when the cause of action accrued, and whose *coming into the state* was from their places of permanent residence, as to citizens of this state, who had been temporarily absent. In *Dunning* v. *Chamberlain,* 6 Vt. 127, it was expressly held to apply to a case like the present, where both the debtor and creditor resided out of the state at the time the cause of action accrued. The 10th Section of the statute of 1797 is substantially the same as the English statute of 4 & 5 Ann c. 16; and the statutes of New York and Massachusetts contain similar

Graves et al. *v.* Weeks.

provisions. These statutes have uniformly received the same con-struction, that has been given to the statute of this state. *Strithorst v. Græme,* 2 Bl. R. 723. *Ruggles v. Keeler,* 3 Johns. 263. *Little v. Blunt,* 16 Pick. 359.

It has been urged, in this case, that, the account having accrued in the state of New York, and having become barred by the statute of limitations of that state, a suit ought not to be maintained upon it here; and the case has been likened to a contract made in another state, which would there be voidable for the infancy of the party, though the party was of sufficient age to contract, had he been within this state. It is said, such a contract would not be enforced here against the party, if infancy would be a good defence where the contract was made, and that the bar by the limitation in New York ought to have the same effect.

If we are to take judicial notice, without proof, that the plaintiffs' cause of action was barred by the law of New York, the objection cannot assist the defendant. The distinction between the two cases has been too long settled, to be now disturbed. The infancy is an infirmity in the contract itself, at its inception, depending upon the law of the place where it is made, and following and forming a part of it, wherever it is attempted to be enforced; while the limitation is held to affect the remedy merely, and not to attach itself to the contract.

The statute, indeed, seems to operate harshly upon the defendant in this case; and it is not improbable that its operation does him injustice. But the injustice of the statute, if it be unjust in cases like the present, is matter for the consideration of the legislature, and not for us. We are to administer the law as we find it.

It has also been urged in argument, that the lapse of time, connected with the circumstances of the near residence of the parties to each other, furnishes presumptive evidence of a payment of the plaintiffs' account, and that the judgment of the county court ought to be reversed for that reason. This objection, we think, comes too late. The question of presumptive payment is one of fact, depending upon the particular circumstances of the case. It does not arise, as matter of law, short of a period of twenty years; and even then it is but a presumption, subject to be removed by evidence. If

the defendant had intended ·to raise this question, he should have made it before the auditor, that the defendant might have had an opportunity to rebut the presumption by proof.

These views are in conformity to long established principles of law, and are expressly recognized in *Dunning* v. *Chamberlain*, 6 Vt. 127 and in *Kimball* v. *Ives*, 17 Vt. 430.

The judgment of the county court is therefore affirmed.